IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00259-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GUERRERO MORA MONTOYA,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on defendant's Motion for Temporary Release From Custody Pending Sentencing [Docket No. 66], wherein defendant Guerrero Mora Montoya moves, pursuant to 18 U.S.C. § 3142(i), for temporary release from presentence detention due to the COVID-19 pandemic. Docket No. 66. Mr. Montoya claims that he is in a high risk category from COVID-19 due to tuberculosis and hepatitis-C. *Id*. at 2. He states that, if granted temporary release to the time of sentencing, he would live with his wife and son at his in-laws' house in Monte Vista, Colorado. *Id.* at *3*. Mr. Montoya is incarcerated at the Federal Correctional Institute Englewood in Littleton, Colorado. Docket No. 73 at 4. Defendant states that, while incarcerated, he has taken self-improvement, substance abuse, anger management, alcohol, and parenting classes. Docket No*.* 66 at 2-3. The United States filed a response opposing defendant's motion. Docket No. 73.

Mr. Montoya had a detention hearing on January 25, 2019.  Docket No. 15.  The magistrate judge's order of detention notes that defendant was subject to the rebuttable presumption that no condition or combination of conditions could assure his appearance or the safety of the community under 18 U.S.C. § 3142(e)(3) and (f). Docket No. 17 at 1.  When the defendant was arrested during a traffic stop, he was in possession of drugs, drug paraphernalia, a significant amount of cash, and two handguns.  *Id.*  A search of his home revealed 16 more firearms, including two that were unregistered, even though they were modified in a way that required registration. *Id.*  Defendant was a convicted felon at the time, and thus forbidden from possessing firearms.  *Id.*  Defendant has prior felony arrests and convictions in California and has no employment history since 2014.  *Id.*

On July 8, 2019, Mr. Montoya pled guilty to Possession of Unregistered Firearms in violation of 26 U.S.C. § 5861(d).  Docket No. 41 at 1.  The maximum statutory penalty is not more than 10 years imprisonment; not more than a $10,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.  *Id.* at 4. Mr. Montoya is set for sentencing on March 26, 2021.  Docket No. 77.

Title 18 U.S.C. § 3142(i) states, in part, that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  Mr. Montoya provides no authority demonstrating that, given he has already pled guilty, § 3142(i) applies to him.  The Court finds that § 3142(i) does not apply to defendant.  *See United States v. Duncan*,

452 F. Supp. 3d 1016, 1024 (D. Kan. 2020) (finding that § 3142(i) does not apply to a person seeking release pending sentencing); *United States v. Felix*, 452 F. Supp. 3d 729, 730 (N.D. Ohio 2020) (same).  Rather, release of a defendant pending sentencing is governed by 18 U.S.C. § 3143.  *Duncan*, 452 F. Supp. 3d at 1024.  Wherefore, it is

**ORDERED** that defendant's Motion for Temporary Release from Custody Pending Sentencing [Docket No. 66] is **DENIED**.

DATED December 23, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge